Case No. 24-cr-746-KMW



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*  973-645-2700
*Newark, New Jersey 07102*

JFM/PL AGR

October 1, 2024

Mary Toscano, Esq.
Greenbaum, Rowe, Smith & Davis LLP
75 Livingston Avenue
Roseland, NJ 07068

      Re:   <u>Plea Agreement with Christian Rodriguez</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Christian Rodriguez ("RODRIGUEZ" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **October 15, 2024**, if it is not accepted in writing by that date. If RODRIGUEZ does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from RODRIGUEZ to a two-count Information, which charges RODRIGUEZ with: (1) firearms trafficking, in violation of 18 U.S.C. § 933(a)(1) and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C § 922(g)(1). In addition, RODRIGUEZ agrees to waive any and all challenges based on venue.

      If RODRIGUEZ enters a guilty plea and is sentenced on these charges to at least 36 months' imprisonment and no more than 60 months' imprisonment and three years of supervised release (the "Stipulated Range"), and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against RODRIGUEZ for, from in or around January 2017 through in or around January 2023, unlawfully possessing, shipping, transporting, transferring, causing to be transported, or otherwise disposing of firearms, or conspiring with others to do the same.

      However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a

subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. And, if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against RODRIGUEZ even if the applicable statute of limitations period for those charges expires after RODRIGUEZ signs this agreement, and RODRIGUEZ agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 933(a)(1) to which RODRIGUEZ agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 922(g)(1) to which RODRIGUEZ agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences imposed on Counts One and Two may be imposed consecutively to each other and to any other sentence RODRIGUEZ is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon RODRIGUEZ is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence RODRIGUEZ ultimately will receive.

Further, in addition to imposing any other penalty on RODRIGUEZ, the sentencing judge as part of the sentence:

(1)  will order RODRIGUEZ to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461; and

(3) pursuant to 18 U.S.C. § 3583, may require RODRIGUEZ to serve a term of supervised release of not more than three years on each count, which will begin at the expiration of any term of imprisonment imposed. Should RODRIGUEZ be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RODRIGUEZ may be sentenced to not more than two years' imprisonment on each count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, RODRIGUEZ agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offenses charged in the Information. Such property includes, but is not limited to, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461: (1) a Springfield model XD 9mm semiautomatic handgun, bearing serial number GM766177, (2) a Smith & Wesson model SD40 VE .40 caliber semiautomatic handgun, bearing serial number FDE9779, (3) a Taurus Model 85 Ultralite .38 caliber revolver, bearing serial number KN84650, and (4) assorted ammunition (collectively, the "Forfeitable Property"), which RODRIGUEZ acknowledges were involved in the commission of knowing violations of 18 U.S.C. §§ 922(g) and 933(a)(1).

RODRIGUEZ waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. RODRIGUEZ understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of RODRIGUEZ's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. RODRIGUEZ waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

RODRIGUEZ also consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 984. RODRIGUEZ agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent RODRIGUEZ has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. RODRIGUEZ further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

RODRIGUEZ further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Forfeitable Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on RODRIGUEZ by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of RODRIGUEZ's activities and relevant conduct with respect to this case.

## Stipulations

This Office and RODRIGUEZ agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such

stipulation. A determination that any stipulation is not binding shall not release either this Office or RODRIGUEZ from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and RODRIGUEZ waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

RODRIGUEZ understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in RODRIGUEZ being subject to immigration proceedings and removed from the United States by making RODRIGUEZ deportable, excludable, or inadmissible, or ending RODRIGUEZ's naturalization. RODRIGUEZ understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. RODRIGUEZ wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause RODRIGUEZ's removal from the United States. RODRIGUEZ understands that RODRIGUEZ is bound by this guilty plea regardless of any immigration consequences. Accordingly, RODRIGUEZ waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. RODRIGUEZ also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against RODRIGUEZ. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude RODRIGUEZ from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between RODRIGUEZ and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: /s/ Robert Frazer
Robert Frazer
Assistant U.S. Attorney

APPROVED:

DESIREE L. GRACE
Chief, Criminal Division

I have received this letter from my attorney, Mary Toscano, Esq. I have read it thoroughly, and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 10-17-2024
Christian Rodriguez

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date
Mary Toscano, Esq.
Counsel for Defendant

    I have received this letter from my attorney, Mary Toscano, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:
Christian Rodriguez

    I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]*          Date: *10·17·24*
Mary Toscano, Esq.
Counsel for Defendant

<u>Plea Agreement with Christian Rodriguez</u>

<u>Schedule A</u>

1. This Office and RODRIGUEZ agree to stipulate to the following facts:

a. On or about December 22, 2022, RODRIGUEZ knowingly and willfully transported from Virginia into New Jersey three firearms (the "Firearms").

b. On or about December 22, 2022, RODRIGUEZ sold the Firearms to another person in or otherwise affecting interstate and foreign commerce.

c. At the time that RODRIGUEZ transferred the Firearms on or about December 22, 2022, he knew or had reason to know that the use, carrying, or possession of the Firearms by the recipient would constitute a felony.

d. One of the Firearms that RODRIGUEZ sold in New Jersey on or about December 22, 2022, was capable of accepting, and did in fact have attached thereto, a magazine or similar device that could accept more than 15 rounds of ammunition.

e. On or about January 4, 2023, in the Eastern District of Virginia, RODRIGUEZ possessed a firearm, specifically, a Taurus Model 85 Ultralite .38 caliber revolver, bearing serial number KN84650 (the "Taurus Firearm").

f. The Taurus Firearm was manufactured outside of Virginia and therefore traveled in interstate commerce prior to RODRIGUEZ's possession thereof in Virginia on or about January 4, 2023.

g. Prior to January 4, 2023, RODRIGUEZ had been convicted of a felony offense. For example, on or about September 7, 2017, RODRIGUEZ pled guilty in the Circuit Court of the County of Chesterfield, in the Commonwealth of Virginia, to (1) Possession of a Schedule I/II Controlled Substance, in violation of Va. Code § 18.2-250, and (2) Felony Failure to Appear, in violation of Va. Code § 19.2-128, for which RODRIGUEZ was sentenced to ten years' imprisonment, suspended, and three months imprisonment, respectively.

h. At the time of his guilty plea on or about September 7, 2017, RODRIGUEZ knew that the charges to which he was pleading were felony offenses, meaning that they were punishable by a term of imprisonment exceeding one year.

    i. At the time that RODRIGUEZ possessed the Taurus Firearm on or about January 4, 2023, RODRIGUEZ knew that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year such that he knew his possession of the Taurus Firearm was unlawful.

2. The parties agree that a term of imprisonment within the range of 36 to 60 months (the "Stipulated Range") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Neither party will argue for a term of imprisonment below 36 months or above 60 months. The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

3. If the District Court imposes a term of imprisonment within the Stipulated Range:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

    b. RODRIGUEZ will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

    c. These waiver provisions, however, do not apply to:

        i. Any proceeding to revoke the term of supervised release.

        ii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

        iii. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

    4. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.